

# Fourth Court of Appeals
## San Antonio, Texas

### DISSENTING OPINION

No. 04-13-00273-CV

**IBS ASSET LIQUIDATIONS LLC** f/k/a Icon Building Systems, LLC,
Appellant

v.

**SERVICIOS MULTIPLES DEL NORTE SA DE CV**,
Appellee

From the 150th Judicial District Court, Bexar County, Texas
Trial Court No. 2012-CI-06095
Honorable Richard Price, Judge Presiding

Opinion by:    Sandee Bryan Marion, Justice
Dissenting Opinion by: Patricia O. Alvarez, Justice

Sitting:       Sandee Bryan Marion, Justice
               Marialyn Barnard, Justice
               Patricia O. Alvarez, Justice

Delivered and Filed:  November 20, 2013

I respectfully disagree with the majority that Servicios did not carry its burden to present

evidence that it would suffer prejudice if compelled into arbitration.

## A.    Waiver

Arbitration "is simply a matter of contract between the parties."  *Perry Homes v. Cull*, 258

S.W.3d 580, 593 (Tex. 2008).  Even though a contract may contain a valid, enforceable clause that

compels the parties to arbitrate certain disputes between them, "a party waives an arbitration clause

by substantially invoking the judicial process to the other party's detriment or prejudice."  *See id.*

at 589–90. There is a strong presumption against waiving arbitration, but the presumption may be overcome. *See id.*; *see also Republic Ins. Co. v. PAICO Receivables, LLC*, 383 F.3d 341, 347 (5th Cir. 2004); *Adams v. StaxxRing, Inc.*, 344 S.W.3d 641, 653 (Tex. App.—Dallas 2011, pet. denied). "'[W]here a [movant] fails to demand arbitration . . . and in the meantime engages in pretrial activity inconsistent with an intent to arbitrate, the [nonmovant] later opposing a motion to compel arbitration may more easily show that its position has been compromised, i.e., prejudiced.'" *Perry Homes*, 258 S.W.3d at 600 (quoting *Republic Ins. Co.,* 383 F.3d at 347). "Actions constituting waiver may include the movant's engaging in some combination of the following: filing an answer, setting up a counterclaim, pursuing discovery, and moving for a continuance prior to moving for a stay pending arbitration." *Nw. Const. Co., Inc. v. Oak Partners, L.P.*, 248 S.W.3d 837, 848 (Tex. App.—Fort Worth 2008, pet. denied). Waiver is determined by reviewing the totality of the circumstances on a case-by-case basis. *See Perry Homes*, 258 S.W.3d at 591; *StaxxRing*, 344 S.W.3d at 648.

## B. Substantially Invoking the Judicial Process

To decide whether Icon waived its right to compel arbitration, we must first determine whether Icon substantially invoked the judicial process. *See Perry Homes*, 258 S.W.3d at 589–90.

### 1. Factors to Consider

The test for substantial invocation considers the totality of the circumstances including the following factors:

- how long the movant delayed before seeking arbitration;
- whether the movant knew of the arbitration clause all along;
- . . .
- how much time and expense has been incurred in litigation;
- whether the movant sought or opposed arbitration earlier in the case; [and]

- . . .
- what discovery would be unavailable in arbitration.

*Id.* at 591.

### 2.      *Substantial Invocation*

Here, Icon knew about the arbitration clause before it executed the contract because it included the clause in the contract it gave Servicios to sign.  Icon was sued on November 1, 2010.  It filed its original answer and its own request for disclosures on December 13, 2010.  In March of 2011, Icon agreed to a discovery control plan.  The parties requested a jury trial; the trial was set for September 27, 2011.  *Cf. Nw. Const. Co.*, 248 S.W.3d at 848 (identifying "requesting a jury" as an act that may substantially invoke the judicial process).

Icon filed its first amended answer with a general denial, verified denials, and affirmative defenses in April of 2011.  It filed its designation of fact and expert witnesses and supplemented its requests for disclosure in July of 2011.  Icon filed a first supplemental answer in August of 2011 and asserted several additional defenses against Servicios' DTPA claims.  Icon agreed to a joint motion to transfer venue to Bexar County in March of 2012.

In October of 2012, Servicios again moved to set a trial date and Icon again requested a jury trial. *Cf. id.* (identifying "requesting a jury" as an act that may substantially invoke the judicial process).  After a third setting requesting a jury trial, on March 22, 2013, Icon filed its motion to compel arbitration.  Icon waited over twenty-eight months after it was sued before it moved to compel Servicios into arbitration.

I believe Icon's twenty-eight months of such "pretrial activity [was] inconsistent with an intent to arbitrate." *See Perry Homes*, 258 S.W.3d at 600 (quoting *Republic Ins. Co.*, 383 F.3d at 357).  As *Perry Homes* noted, "[h]ow much litigation conduct [is] 'substantial' depends on the context." *Perry Homes*, 258 S.W.3d at 593.  Given all the factors present here, including Icon's

pre-contract knowledge of the arbitration clause, its initial failure to seek arbitration after it was sued, its prolonged participation in litigation, and its waiting to file its motion to compel arbitration for twenty-eight months after litigation began, I believe the totality of the circumstances shows Icon substantially invoked the judicial process. *See Perry Homes*, 258 S.W.3d at 591–92; *Nw. Const. Co.*, 248 S.W.3d at 848. I turn next to the second element of waiver: prejudice. *See Perry Homes*, 258 S.W.3d at 595 (waiver requires prejudice).

## C.       Determining Prejudice

Waiver of arbitration requires a showing of prejudice. *Id.* at 595. To meet the burden to show prejudice, the majority would require Servicios to present evidence supporting prejudice at a hearing or attach such evidence to its response. The term prejudice, however, has many meanings. *Id.* at 597. "'[F]or purposes of a waiver of an arbitration agreement[,] prejudice refers to the inherent unfairness in terms of delay, expense, or damage to a party's legal position that occurs when the party's opponent forces it to litigate an issue and later seeks to arbitrate that same issue.'" *Perry Homes*, 258 S.W.3d at 597 (quoting *Republic Ins. Co.*, 383 F.3d at 346) (alterations in original). "[A] party should not be allowed purposefully and unjustifiably to manipulate the exercise of its arbitral rights simply to gain an unfair tactical advantage over the opposing party." *Id.* (quoting *In Re Tyco Int'l Ltd. Sec. Litig.*, 422 F.3d 41, 46 n.5 (1st Cir. 2005)). "[W]hile discovery relating to non-arbitrable claims is not prejudicial, where the pretrial activity was related to all of the parties' claims, including those that were conceded to be arbitrable, arbitration would result in prejudice." *Republic Ins. Co.*, 383 F.3d at 346.

When a party moves to compel arbitration, the movant's discovery requests related to arbitrable claims and the movant's "failure to timely assert its right to arbitrate a dispute" are particularly relevant factors in determining prejudice. *Id.* Although the nonmovant has the burden

to prove prejudice, the nonmovant must prove the *fact* of prejudice, not its *extent*; the nonmovant need not prove "precisely how much it all was." *Perry Homes*, 258 S.W.3d at 599.

**D.     Evidence Needed, Burden to Meet**

The majority decides that Servicios did not meets its evidentiary burden to show prejudice; it notes that there was no evidentiary hearing on the motion to compel arbitration "and Servicios did not attach any evidence in its response." I agree that Servicios did not prove the precise extent of prejudice. However, I believe Servicios met the applicable burden: it proved the *fact* of prejudice. *See Perry Homes*, 258 S.W.3d at 600.

*1.     Evidentiary Test*

The majority cites *Williams* and *Pennzoil* to show that the nonmovant must submit evidence to support its allegations of prejudice. *See Williams Indus., Inc. v. Earth Dev. Sys. Corp.*, 110 S.W.3d 131 (Tex. App.—Houston [1st Dist.] 2003, no pet.); *Pennzoil Co. v. Arnold Oil Co., Inc.*, 30 S.W.3d 494, 497 (Tex. App.—San Antonio 2000, no pet.). These opinions were issued before *Perry Homes*, and did not have the benefit of its analysis and holdings. The majority also cites a memorandum opinion, *Lyda Swinerton*. *See Lyda Swinerton Builders, Inc. v. Pools by Blue Haven, Inc.*, 04-10-00631-CV, 2011 WL 721469 (Tex. App.—San Antonio Mar. 2, 2011, no pet.) (mem. op.). But the cases *Lyda Swinerton* relies on for the degree of evidentiary support required were both pre-*Perry Homes* opinions. *See Global Fin. Services, L.L.C. v. Estate of McLean*, 04-07-00627-CV, 2008 WL 372521 (Tex. App.—San Antonio Feb. 13, 2008, no pet.) (mem. op.); *Pennzoil*, 30 S.W.3d at 497.

*Perry Homes* changed the test for the evidence required to prove prejudice: the nonmovant must prove the *fact* of prejudice, but "not precisely how much it all was." *See Perry Homes*, 258 S.W.3d at 599; *StaxxRing*, 344 S.W.3d at 652.

2. *Applicable Burden*

*Perry Homes* did not create a bright line test to determine waiver; instead, it requires that we consider the totality of the circumstances on a case-by-case basis. *See Perry Homes*, 258 S.W.3d at 591. *Perry Homes* makes it clear that the movant's actions can make the burden to show waiver easier to meet. *See id.* at 600. "[W]here a [movant] fails to demand arbitration . . . and in the meantime engages in pretrial activity inconsistent with an intent to arbitrate, the [nonmovant] later opposing a motion to compel arbitration may more easily show that its position has been compromised, i.e., prejudiced." *Id.* (quoting *Republic Ins. Co.*, 383 F.3d at 347). *Perry Homes* and *Republic Insurance Co.* recognize this circumstance—where the burden may be "more easily show[n]"—and that is the circumstance here. *See id.*; *see also Republic Ins. Co.*, 383 F.3d at 347.

Having determined the proper test and the applicable burden for prejudice, I turn to the facts in the record.

**E.      Unfairness of Delay, Expense**

The majority concludes that Servicios "did not carry its burden to prove [prejudice].'" I disagree, but this is a close case. It requires us to draw a line along the continuum of evidence that establishes the minimum amount of evidence necessary to prove the fact of prejudice. I believe the totality of the circumstances in this case shows that Servicios met its evidentiary burden and Icon waived its right to compel arbitration.

1. *Trial Court Record*

At the outset, I disagree on what evidence was before the trial court. The majority states that "because Servicios did not ask the trial court to take judicial notice of its files, the only record before the court was Servicio's response." Not so.

"We presume the trial court [takes] judicial notice of its record without any request being made and without any announcement that it has done so." *In re K.F.*, 402 S.W.3d 497, 504 (Tex. App.—Houston [14th Dist.] 2013, pet. denied); *accord Sierad v. Barnett*, 164 S.W.3d 471, 481 (Tex. App.—Dallas 2005, no pet.) ("The court may be presumed to have taken notice of its own files."); *Att'y Gen. of Tex. v. Duncan*, 929 S.W.2d 567, 571 (Tex. App.—Fort Worth 1996, no writ) ("[T]he trial court may take judicial notice of its file at any stage of proceedings and is presumed to have done so with or without a request from a party."); *Holley v. Holley*, 864 S.W.2d 703, 706 (Tex. App.—Houston [1st Dist.] 1993, writ denied) ("The trial court may properly take into consideration the file that is before it in its court, as well as the proceedings that are conducted in its presence. We presume the trial court took judicial notice of its files." (citation omitted)).

When the case was transferred to Bexar County district court, the pleadings and motions were likewise transferred and became part of the trial court's file. Servicios did not have to ask the Bexar County district court to take judicial notice of the documents in its own file; instead, we presume that the trial court did so. *See In re K.F.*, 402 S.W.3d at 504; *Sierad*, 164 S.W.3d at 481; *Duncan*, 929 S.W.2d at 571; *Holley*, 864 S.W.2d 703 at 706. When the trial court denied Icon's motion to compel arbitration, it had its entire file before it. *See Holley*, 864 S.W.2d at 706.

2.      *Prejudice by Repeated Failure to Assert Right*

One of the "particularly relevant [factors] when making a prejudice determination" is "a party's failure to timely assert its right to arbitrate a dispute." *Republic Ins.*, 383 F.3d at 346. Further, prolonged litigation with a last-minute switch to compel arbitration is the sort of manipulation that *Perry Homes* expressly criticized as prejudicial. *Perry Homes*, 258 S.W.3d at 597. Here, the record shows Icon did both.

When Icon was sued on November 1, 2010, it answered but chose not to move to compel arbitration. On March 24, 2011, Icon agreed to set the case for trial, but chose not to assert its right to arbitrate. On April 26, 2011, Icon filed its first amended answer, asserted a general denial and verified denials, and raised affirmative defenses. Icon again chose to continue litigation and did not assert its right to arbitrate. On September 13, 2011, Icon again agreed to set the case for trial, and again chose not to assert its right to arbitrate. On March 14, 2012, in a joint motion to transfer venue, Icon again signaled its intent to litigate and again chose not to assert its right to arbitrate. On November 1, 2012, two years after it was originally sued, Icon agreed to set the case for trial and again chose not to assert its right to arbitrate. Finally, on March 22, 2013, twenty-eight months after it was sued, after three trial settings and one transfer of venue, Icon filed its motion to compel arbitration.

Icon's continuing indications of its intent to litigate Servicios' claims, its repeated failure to assert its right to arbitrate, and its arguably manipulative move to compel arbitration only after twenty-eight months of delay is sufficient evidence of prejudice. *See Republic Ins.*, 383 F.3d at 346; *Perry Homes*, 258 S.W.3d at 597. Icon's "attempt[ing] to have it both ways by switching between litigation and arbitration to its own advantage" is the sort of mischief *Perry Homes* sought to prevent. *See Perry Homes*, 258 S.W.3d at 597.

*3.      Prejudice by Discovery*

Here, the arbitration clause provided, in part, that "[e]xcept for the exchange of relevant, material and non-privileged documents between the Parties and a reasonable number of depositions, there shall be no interrogatories or other discovery in any arbitration hereunder." Nevertheless, Icon obtained the benefits of some discovery under the judicial process rules. The record before the trial court shows that while the case was pending in McClelland County, written

discovery and expert and fact witness lists were exchanged between the parties despite the provisions of the arbitration agreement. By the time Icon moved to compel arbitration, Icon had obtained discovery from Appellee, delayed the disposition of the case by attempting to switch to arbitration, and sought to limit Servicios's rights to appellate review. *See id.* ("Such manipulation of litigation for one party's advantage and another's detriment is precisely the kind of inherent unfairness that constitutes prejudice under federal and state law.").

### 4.       *Totality of the Circumstances*

I agree with the majority that the proper test for waiver is a review of the totality of the circumstances, *see Perry Homes*, 258 S.W.3d at 591, but I disagree with its reasoning. In its analysis, the majority quotes *In re ADM Investor Services* for the proposition that "'[w]e do not consider the length of any delay separate from the totality of the circumstances." *See In re ADM Investor Servs.*, 304 S.W.3d 371, 374 (Tex. 2010). The majority's use of this phrase seems to imply that the length of the delay is of little or no import in the totality of the circumstances analysis. But the majority's proposition is inapposite and *In re ADM* is readily distinguishable. *Cf. id.* After ADM was sued, it *immediately* exercised its rights under a forum-selection clause; it filed a motion to dismiss based on the clause at the same time it filed its answer. *Id.* ADM's antagonist knew immediately that ADM was exercising its right. The delay referred to in the quoted proposition was ADM's three-month delay in setting a hearing on its motion to dismiss. The *In re ADM* court decided that a three-month delay in setting a hearing on ADM's motion to dismiss—after ADM had exercised its right immediately on being sued—was not enough to find waiver. *See id.*

But this case is very different. Unlike ADM, Icon did not file a motion to compel arbitration with its answer. Instead, it agreed to three separate requests for a jury trial, one transfer

of venue, and waited for more than twenty-eight months before it chose to exercise its right to arbitrate. *In re ADM* provides no support for the proposition that a twenty-eight month delay for the *first* notification that the movant is seeking to exercise its rights—in complete contravention of its preceding actions indicating its intent to litigate rather than arbitrate—is of little or no import in the totality of the circumstances analysis. *Cf. Perry Homes*, 258 S.W.3d at 600. Icon's "failure to timely assert its right to arbitrate a dispute" is a "particularly relevant [factor] when making a prejudice determination." *See Republic Ins.*, 383 F.3d at 346. Icon's failure is even more prejudicial because, for twenty-eight months, Icon "engage[d] in pretrial activity inconsistent with an intent to arbitrate." *See Perry Homes*, 258 S.W.3d at 600.

Icon knew about the arbitration clause before the contract was executed. It chose not to compel arbitration when it answered. For twenty-eight months Icon gave every indication it intended to resolve the matter in court. By its extended participation in the judicial process through discovery, trial settings, and motions, Icon "engage[d] in pretrial activity inconsistent with an intent to arbitrate." *See Perry Homes*, 258 S.W.3d at 600. Servicios did not have to prove the specific amounts of its expenses, and Icon's actions made it easier for Servicios to meet its burden. *See Perry Homes*, 258 S.W.3d at 600; *see also Republic Ins. Co.,* 383 F.3d at 347.

In my view, considering the totality of the circumstances, the record presents sufficient evidence of the *fact* of prejudice to meet the applicable burden. I would affirm the trial court's order denying Icon's motion to compel arbitration. Therefore, I respectfully dissent.


                                                    Patricia O. Alvarez, Justice