Terry Don HOLLEY, Appellant,

v.

Judith L. HOLLEY, Appellee.

No. 01–92–00798–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Sept. 30, 1993.

Rehearing Denied Oct. 28, 1993.

Bruce A. Baughman, Baytown, for appellant.

Ronald L. Marsh, Baytown, for appellee.

Before COHEN, MIRABAL and PRICE,* JJ.

## OPINION

MIRABAL, Justice.

This is an appeal from an order increasing child support. We affirm.

Terry Holley, appellant, and Judith Holley, appellee, divorced on October 10, 1985. Ms. Holley was awarded custody of their two children, Tori and Clay. The trial court ordered Mr. Holley to pay $730 per month in child support.

On September 28, 1987, Mr. Holley filed a motion seeking to decrease his child support payments. On October 22, 1987, Ms. Holley filed a cross-motion to increase the payments. Ms. Holley filed an amended cross-motion on June 5, 1991, requesting that the increased payments be made retroactive to

October 22, 1987, the date of her original cross-motion.

Clay went to live with his father in June of 1991. On August 28, 1991, Mr. Holley filed an amended motion, seeking custody of Clay, a reduction of his child support payments, and child support from Ms. Holley.

The trial court held a hearing on January 23, 1992. In its "Order on Motion to Modify in Suit Affecting the Parent–Child Relationship," the trial court named Mr. Holley managing conservator of Clay. The order also incorporated the trial court's findings pursuant to TEX.FAM.CODE ANN. § 14.057 (Vernon Supp.1993). The court found that Mr. and Ms. Holley's monthly net resources were $3,926.44 and $1,074.93, respectively. The court found no reason to depart from the child support guidelines, and retroactively increased Mr. Holley's child support for both children to $982 per month (25% of his monthly net resources) from October 22, 1987, through June 1, 1991, when Clay went to live with Mr. Holley. Additionally, the trial court found that Mr. Holley should pay $785 (20% of his monthly net resources) for Tori's support, retroactively from June 1, 1991, through January 31, 1992, and prospectively from February 1, 1992. Ms. Holley was ordered to pay $215 (20% of her monthly net resources) for Clay's support.

In his first point of error, Mr. Holley asserts the trial court erred and abused its discretion in failing to file findings of fact and conclusions of law, despite a timely request to do so. On February 8, 1993, we sustained Mr. Holley's first point of error because without findings of fact and conclusions of law, it was not possible to discern whether the child support was increased because (1) Mr. Holley's, or (2) Ms. Holley's, or (3) the children's circumstances had materially and substantially changed. We abated this appeal and ordered the trial court to make the appropriate findings and conclusions. In response, the district court filed findings of fact and conclusions of law on March 15, 1993. Mr. Holley sought additional findings of fact and conclusions of law, which the trial court

---

* The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, sitting by assignment.

responded to on April 29, 1993. After the findings of fact and conclusions of law were filed, this Court gave the parties the option of filing additional appellate briefs. Neither party chose to do so. Therefore, we will address Mr. Holley's remaining points of error in his original brief.

■ In his second and third points of error, Mr. Holley asserts the trial court erred and abused its discretion in applying the child support guidelines[1] because they are unconstitutional. He contends that the guidelines enacted by the legislature infringe on the trial court's discretion, and therefore they violate the separation of powers mandate under the Texas Constitution. He further argues the child support guidelines deny equal protection of the laws as guaranteed by the United States and Texas Constitutions.

Mr. Holley waived his constitutional challenges by not raising the issues at trial. *City of San Antonio v. Schautteet,* 706 S.W.2d 103, 104 (Tex.1986); *Jackson v. Leonard,* 578 S.W.2d 879, 882 (Tex.Civ.App.—Houston [14th Dist.] 1979, writ ref'd n.r.e.); *Van Wart v. Van Wart,* 501 S.W.2d 359, 361 (Tex.Civ. App.—Austin 1973, no writ).

We overrule Mr. Holley's second and third points of error.

■ In his fourth point of error, Mr. Holley asserts the trial court erred and abused its discretion in applying the guidelines in the manner it did, because the child support orders have the effect of awarding Ms. Holley spousal support, and Texas courts are not permitted to award permanent alimony.

Mr. Holley argues that the trial court incorrectly computed child support by requiring him to pay Ms. Holley 20 percent of his net income for the support of Tori, and requiring Ms. Holley to pay him 20 percent of her net income for the support of Clay. Mr. Holley argues that he and Ms. Holley should each pay 25 percent of their net monthly income to support both children. Therefore, they should each pay 12.5 percent of their net monthly income in child support to the other party. Mr. Holley contends that because he is paying Ms. Holley 20 percent of his net monthly income, instead of 12.5 percent, for the support of Tori, Ms. Holley, in effect, receives $214 a month in spousal support. He argues that Texas courts are not authorized to grant permanent alimony payable periodically after divorce, citing *McElreath v. McElreath,* 162 Tex. 190, 345 S.W.2d 722, 747 (1961).

In its findings of fact and conclusions of law, the trial court states that: the amount of Mr. Holley's monthly net resources is $3,926.44; the amount of Ms. Holley's monthly net resources is $1,074.93; and, based on the current ability of both parents to support their children, the ordered payment of child support is in the best interest of both minor children.

In determining the amount of the parties' respective "monthly net resources," the trial court was entitled to factor in the costs each would incur in connection with supporting the child living with them. TEX.FAM.CODE ANN. §§ 14.053(e), 14.054(3), (4), (5) (Vernon Supp.1993). As long as the trial court takes into account a party's obligation to support the child who is living with the party, we find no abuse of discretion merely from the fact the trial court employs the "one child" category from the guidelines to determine the amount of child support to be paid for the child who is *not* living with the party. As discussed under points of error five and six, based on the incomplete record before us, we must presume the trial court's findings were in accordance with the evidence. We overrule Mr. Holley's fourth point of error.

■ In his fifth and sixth points of error, Mr. Holley asserts the trial court erred and abused its discretion in impliedly finding there was a material and substantial change in the circumstances of the children, or a party to the divorce decree, which would justify increasing Mr. Holley's child support obligation. He argues there is no evidence, or in the alternative, insufficient evidence

---

1. TEX.FAM.CODE ANN. § 14.055 (Vernon Supp.1993) provides, in relevant part:

CHILD SUPPORT GUIDELINES
BASED ON THE MONTHLY NET RESOURCES
OF THE OBLIGOR

| | |
|---|---|
| 1 child | 20% of Obligor's net resources |
| 2 children | 25% of Obligor's net resources |

that the circumstances of the children or any party have materially and substantially changed since the entry of the decree, in a manner to justify an increase in Mr. Holley's child support.

In its findings of fact and conclusions of law filed March 15, 1993, the trial court found that the children's living expenses had increased, and that Mr. Holley's income had significantly increased.

■ In determining whether a modification in child support payments is appropriate, the trial court should examine the circumstances of the child and parents at the time the prior decree was rendered, in relation to the circumstances existing at the time modification of the prior order is sought. *Liveris v. Ross*, 690 S.W.2d 60, 61 (Tex.App.—Houston [14th Dist.] 1985, no writ). According to TEX.FAM.CODE ANN. § 14.08(c)(2) (Vernon Supp.1993), a successful movant must show by a preponderance of the evidence that "the circumstances of the child or a person affected by the order or portion of the decree to be modified have materially and substantially changed since the date of its rendition...." *Hoffman v. Hoffman*, 805 S.W.2d 848, 851 (Tex.App.—Corpus Christi 1991, writ denied).

■ A court's child support order will not be disturbed on appeal unless the complaining party shows that the order constituted a clear abuse of the court's discretion. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex.1990). The test is whether the court acted arbitrarily or unreasonably, without reference to any guiding rules and principles. *Simon v. York Crane & Rigging Co.*, 739 S.W.2d 793, 795 (Tex.1987). In making this determination, the reviewing court must view the evidence in the light most favorable to the actions of the trial court and indulge every legal presumption in favor of the judgment. *Parks v. U.S. Home Corp.*, 652 S.W.2d 479, 485 (Tex.App.—Houston [1st Dist.] 1983, writ dism'd). Abuse of discretion does not exist as long as there is some evidence of a substantive and probative character to support the decision. *Stout v. Christian*, 593 S.W.2d 146, 151 (Tex.Civ.App.—Austin 1980, no writ).

Mr. Holley argues that Ms. Holley did not introduce evidence of his income at the time of the divorce in 1985, and therefore, the trial court could not compare Mr. Holley's current income with his income at the time of the divorce. Mr. Holley contends that although the trial court's file contains a copy of the first page of the 1985 income tax return filed by Mr. and Ms. Holley, it was never introduced into evidence, and therefore it may not be considered proof.

■ The transcript contains a copy of the first pages of the Holleys' 1984 and 1985 income tax returns, along with a copy of an envelope with the notation "Inspected by Court 7/26/88—Seal for App. Review." Apparently, prior to trial, the trial court inspected the returns in camera, and then sealed the envelope for confidentiality purposes.[2] The trial court may properly take into consideration the file that is before it in its court, as well as the proceedings that are conducted in its presence. *Lacy v. First Nat'l Bank*, 809 S.W.2d 362, 367 (Tex.App.—Beaumont 1991, no writ). We presume the trial court took judicial notice of its files. *Id.*

■ Mr. Holley was employed by the same employer from 1985 to 1990. The first sheet of the 1985 tax form indicates that Mr. and Ms. Holley reported total wages of $50,371.19 in 1985. From the record before us, we know a portion of the wages are attributable to Ms. Holley's employment. The evidence further shows Mr. Holley's salary in subsequent years was as follows: 1986: $47,000; 1987: $50,000.00; 1988: more than $50,000; 1989: $68,527; 1990: $63,104; 1991: $65,000. The evidence before the trial court additionally showed other income earned by Mr. Holley, such as interest income, as well as assets held by Mr. Holley during the relevant period of time. In addition to the presence of Mr. Holley's 1984 and 1985 income tax returns in the court's file, there

**2.** We note that Mr. Holley has not included the sealed envelope, with the returns, in the record on appeal.

were admitted into evidence at trial as exhibits, the following documents:

1. Mr. Holley's 1989 income tax return;
2. Mr. Holley's 1990 income tax return;
3. Mr. Holley's financial information sheet reflecting his monthly anticipated expenses with his son living with him;
4. Mr. Holley's financial information sheet reflecting his monthly anticipated expenses *without* his son living with him;
5. Ms. Holley's 1989 income tax return;
6. Ms. Holley's 1990 income tax return;
7. 1991 bank statements for Ms. Holley;

None of these documents have been included in the record before us on appeal. Mr. Holley, as the appellant, has the burden to see that a sufficient record is presented to show error requiring reversal. TEX.R.APP.P. 50(d). In the absence of a complete record, we must presume the evidence before the trial court supported its judgment. *Beck & Masten Pontiac–GMC, Inc. v. Harris County Appraisal Dist.,* 830 S.W.2d 291, 295 (Tex. App.—Houston [14th Dist.] 1992, writ denied). According, we overrule Mr. Holley's fifth and sixth points of error.

In his seventh and eighth points of error, Mr. Holley asserts the trial court erred and abused its discretion in ordering him to pay increased child support retroactively to October 22, 1987. He contends that in Ms. Holley's October 22, 1987, cross-motion to modify, Ms. Holley did not request that child support be increased retroactively. It was not until she filed an amended motion on June 5, 1991, that Ms. Holley requested the retroactive support. Further, Mr. Holley contends the evidence does not support the finding that the circumstances of the children and the parties had materially and substantially changed as of October 22, 1987.

The trial court may retroactively modify support obligations that have accrued since the filing of the motion to modify. *Klaver v. Klaver,* 764 S.W.2d 401, 404 (Tex. App.—Fort Worth 1989, no writ). In *Rocha v. Villarreal,* 766 S.W.2d 895, 896 (Tex. App.—San Antonio 1989, no writ), the mother filed a counter-motion to modify on May 13, 1986, and an amended counter-motion on June 29, 1987, requesting retroactive child support. The court granted retroactive support, stating that the pleadings gave fair notice to the father that child support for the children was at issue as of May 13, 1986. *Id.* at 898. It is imperative that the trial judge have broad discretion to decide whether all of the facts and circumstances necessitate and justify a retroactive award of support. *Id.* at 899.

Mr. Holley had sufficient notice on October 22, 1987, when Ms. Holley filed her cross-motion, that child support for the children was at issue. In her amended motion, Ms. Holley requested retroactive support. The trial court was authorized to award retroactive support, and, as discussed under points of error five and six, we must presume the evidence supported the trial court's findings regarding material and substantial change of circumstances. Accordingly, we overrule points of error seven and eight.

In his ninth and tenth points of error, Mr. Holley asserts the trial court erred and abused its discretion in finding that Mr. Holley's net monthly resources were $3,926.44, and in ordering him to pay increased child support, retroactively and prospectively, based on net monthly resources of $3,926.44. He argues that there is no evidence or, in the alternative, insufficient evidence that his net monthly resources were $3,926.44 during any year for which increased child support was ordered.

"Net resources," for the purposes of determining child support liability, is defined in TEX.FAM.CODE ANN. § 14.053 (Vernon Supp. 1993). The trial court found Mr. Holley's "average gross monthly resources" from October 22, 1987 through January 31, 1992, amounted to $5,500.00. Applying the child support guidelines to the "average gross monthly resources", the trial court concluded Mr. Holley had "average net cash resources" of $3,926.00 per month from October 22, 1987 through January 31, 1992. The trial court was authorized to take into account not only Mr. Holley's salary, but also his interest income, additional business income, his savings account balances, and other appropriate

assets. TEX.FAM.CODE ANN. § 14.053 (Vernon Supp.1993). As discussed under points of error five and six, because we do not have a complete record on appeal, we must presume the evidence before the trial court supported its findings. Accordingly, we overrule Mr. Holley's ninth and tenth points of error.

We affirm the judgment.