COURT
OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-03-003-CV
 
STROUD OIL PROPERTIES, INC.    
                                                     APPELLANTS
AND STROUD INVESTMENTS 2001, LTD.
V.
MICHAEL HENDERSON, ALINE PERRY,    
                                              APPELLEES
PREDATOR COMPANY, L.L.C., NICK SPENCE,
AND MIKE D. BRIGGS
------------
FROM THE 236
TH DISTRICT COURT OF
TARRANT COUNTY
------------
MEMORANDUM OPINION(1)
------------
       
Appellants, Stroud Oil Properties, Inc. and Stroud Investments 2001, Ltd.,
appeal the trial court's refusal to unseal records from a prior case. In six
points, Appellants allege that the trial court erred when it: 1) sealed the
records of all proceedings conducted in open court because rule 76a only permits
the sealing of documents and not court proceedings and because a hearing on a
motion to seal the record should be open to the public and remain open to the
public; 2) entered an order sealing the record that granted gag order type
relief and that did not set forth the specific reasons for its findings,
portions of the record that are to be sealed, and time period that the record
should be sealed; 3) sealed the record because Appellees, Michael Henderson,
Aline Perry, Predator Co., L.L.C., Nick Spence, and Mike D. Briggs, failed to
show that there were no less restrictive means than sealing the entire record
that would have adequately and effectively protected Appellees asserted
interests as is required by rule 76a; 4) sealed the record because it
erroneously sustained many of Appellees' objections to Appellants' questions at
the October 18, 2002 hearing and in effect denied Appellants the right to
participate in the hearing; 5) sealed the record because Appellees did not file
a written motion required by rule 76a; and 6) sealed the record where Appellees
did not file a notice of hearing that gave a specific description of the suit
and did not give a specific description of the documents that were sought to be
sealed. We reverse and render.
FACTS
       
Appellants are plaintiffs and counter-defendants in a lawsuit against Appellees
in Brazos County arising out of a dispute over an oil and gas development
agreement. At the same time as the Brazos County suit was pending, Appellees
apparently had an internal disagreement about how to operate their business. The
dispute was focused primarily at how Appellees could best respond to Appellants'
suit in Brazos County.
       
Appellees filed suit in Tarrant County to resolve their dispute. Throughout the
suit, Appellees allegedly disclosed privileged information in open court.
Appellees settled the suit and filed a rule 76a motion to seal the record in an
effort to prevent the privileged information from becoming public. After a
hearing, the trial court sealed the record.
       
Appellants learned of the suit in Tarrant County and attempted to gain access to
the records claiming that the suit was held in open court and had to have some
relationship with the suit in Brazos County. When Appellants discovered that the
court sealed the records, Appellants intervened in the case in an attempt to
unseal the record. The trial court continued to enforce its order sealing the
record, and Appellants requested another rule 76a hearing under the theory that
they did not receive proper notice of the first hearing. After the hearing, the
trial court ruled to keep the record sealed, and Appellants appealed.
RULE 76a HEARING
       
Appellants argue in their first point that the trial court erred in sealing all
proceedings conducted in open court and in sealing the transcript from the April
26, 2002 hearing because rule 76a only permits the sealing of documents and not
court proceedings and because a hearing on a motion to seal the record should be
open to the public and remain open to the public. Appellants further argue that
the trial court erred in ruling that privileged information would be disclosed
if the record was unsealed, because Appellees waived any privilege to
information disclosed in open court.
        To
review a trial court's ruling on a motion to seal records, we employ an abuse of
discretion standard. See Gen. Tire, Inc. v. Kepple, 970
S.W.2d 520, 526 (Tex. 1998). To determine whether a trial court abused its
discretion, we must decide whether the trial court acted without reference to
any guiding rules or principles; in other words, whether the act was arbitrary
or unreasonable. See Carpenter v. Cimarron Hydrocarbons Corp.,
98 S.W.3d 682, 687 (Tex. 2002); Downer v. Aquamarine Operators,
Inc., 701 S.W.2d 238, 241-42 (Tex. 1985), cert. denied,
476 U.S. 1159 (1986). Merely because a trial court may decide a matter within
its discretion in a different manner than an appellate court would in a similar
circumstance does not demonstrate that an abuse of discretion has occurred. Downer,
701 S.W.2d at 241-42.
        An
abuse of discretion does not occur where the trial court bases its decisions on
conflicting evidence.  Davis v. Huey, 571 S.W.2d 859,
862 (Tex. 1978); see also Goode v. Shoukfeh, 943 S.W.2d
441, 446 (Tex. 1997).  Furthermore, an abuse of discretion does not occur
as long as some evidence of substantive and probative character exists to
support the trial court's decision.  Butnaru v. Ford Motor
Co., 84 S.W.3d 198, 211 (Tex. 2002); Holley v. Holley,
864 S.W.2d 703, 706 (Tex. App.--Houston [1st Dist.]
1993, writ denied).
        Rule 76a of the Texas Rules
of Civil Procedure states:

        Other
 court records, as defined in this rule, are presumed to be open to the general
 public and may be sealed only upon a showing of all of the following:
 
 (a) a specific, serious and substantial interest which clearly
 outweighs:
 
 (1) this presumption of openness;
 (2) any probable adverse effect that sealing will have upon the
 general public health or safety;
 
 (b) no less restrictive means than sealing records will adequately
 and effectively protect the specific interest asserted.
 

Tex. R. Civ. P. 76a. The trial court in the
instant case held that all of the requirements under rule 76a were met including
the fact that there were specific, serious, and substantial interests to the
parties in this matter in having all of the records sealed. The court went on to
hold that this interest clearly outweighed any presumption of openness and any
probable adverse effects on the public. The trial court then held that the
documents in the court's record revealed extensive attorney-client
communications and work product under rule 503 of the Texas Rules of Evidence
and rule 192.5 of the Texas Rules of Civil Procedure. See
Tex. R. Evid. 503 (stating that a client has a privilege to refuse to disclose
and to prevent any other person from disclosing confidential communications made
for the purpose of facilitating the rendition of professional legal services to
the client); Tex. R. Civ. P. 192.5 (stating that, for purposes of these rules,
an assertion that material or information is work product is an assertion of
privilege).
       
Rule 511 of the Texas Rules of Evidence controls the disclosure of privileged
information. Tex. R. Evid. 511. Rule 511 further provides for the waiver of
these privileges when the information is voluntarily disseminated to a
non-privileged person. See id. (holding
that a privilege is waived if the holder of the privilege voluntarily discloses
or consents to disclosure of any significant part of the privileged matter
unless such disclosure itself is privileged); Jordan v. Court
of Appeals for Fourth Supreme
Judicial Dist., 701 S.W.2d 644, 649 (Tex. 1985) (orig. proceeding) (holding
that once privileged matters are voluntarily disclosed, the privilege is
waived).
        In
the present case, Appellee disclosed the alleged privileged information to an
open trial court. See generally Jordan, 701 S.W.2d at 649
(holding that the disclosure of hospital review committee documents to grand
jury constituted a waiver of discovery privilege); see also
Axelson, Inc. v. McIlhany, 798 S.W.2d 550, 553-54 (Tex. 1990) (orig.
proceeding) (holding that voluntary disclosure of attorney-client privilege and
work product privilege waives the privilege). Further, in a charge of waiver for
privileged information, the person or entity claiming the privilege has the
burden of showing that waiver did not occur. Giffin v. Smith,
688 S.W.2d 112, 114 (Tex. 1985) (orig. proceeding); Riverside
Hosp., Inc. v. Garza, 894 S.W.2d 850, 853 (Tex. App.--Corpus Christi 1995,
orig. proceeding) ("The party asserting privilege has the burden of proof
to establish the existence of the privilege."). Appellees, therefore, must
show that the evidence was not waived through voluntary disclosure. In this
case, Appellees failed to meet this burden.
        We
hold that Appellees waived any alleged privileged information when they
voluntarily disclosed it in open court. We further hold that Appellees failed to
show a specific, serious, and substantial interest in sealing the record as is
required under rule 76a. Tex. R. Civ. P. 76a. Therefore, no evidence of
substantive and probative character existed to support the trial court's
decision. Butnaru, 84 S.W.3d at 211. We hold that the
trial court abused its discretion, and we sustain Appellants' first point on
appeal.

 
 CONCLUSION
 

       
Having held that the trial court abused its discretion, we reverse the trial
court's order sealing the record and order that the trial court's record in this
case be opened to the public.

 
 
  
 
 
    
                                                         SAM
 J. DAY
    
                                                         JUSTICE
 
 
  
 
 
 PANEL A: CAYCE, C.J.; DAY and HOLMAN, JJ.
 
 
  
 
 
 DELIVERED: June 19, 2003
 
 
 1. See Tex. R. App. P. 47.4.