NO. 07-07-0008-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JUNE 8, 2007
_____

IN THE INTEREST OF H.K.A., B.S.A., A.K.A.A.
_____

FROM THE 46TH DISTRICT COURT OF WILBARGER COUNTY;

NO. 24093; HONORABLE DAN MIKE BIRD, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Scott Auld appeals a trial court order denying him appointment as possessory conservator of his three children and restricting his access to them. We will reverse the order.

This litigation arose when the Department of Family and Protective Services filed a petition seeking termination of the parental rights of Scott and Monica Auld to their three young children.[1] The children were placed with Monica's mother Sharon Bearden pending

---

[1] An affidavit filed with the petition alleged the children were removed from the home in January 2006 after a Department caseworker and police officers investigating another case discovered evidence of methamphetamine manufacturing at the residence where the children lived with Monica. Scott was in the Wilbarger County jail at that time.

resolution of the suit. Scott's parents, Beverly and Ermie Spruill, filed a petition in intervention. At the final hearing held in November 2006, the Department presented the trial court with what it termed an agreed order naming Sharon Bearden managing conservator of the children and making Monica and Scott possessory conservators with supervised visitation as agreed to by the managing conservator. The proposed order would dismiss the Department from the case.

The witnesses at the final hearing were Department caseworker Mary Bearden, Monica's mother Sharon Bearden,[2] and Scott's mother, Beverly Spruill.[3] Counsel participating in the hearing included counsel representing the Department, an attorney ad litem for the children, and counsel for the Spruills.[4] Much of the evidence consisted of the witnesses agreeing with leading questions from the Department's counsel which tracked the statutory language of Chapter 153 of the Texas Family Code.[5] There was evidence

---

[2] Mary Bearden and Sharon Bearden are not related.

[3] Neither Monica nor Scott was present at the final hearing. The court's order states that both were properly notified but did not appear.

[4] The record indicates neither Monica nor Scott was represented by counsel. The court's temporary order found neither was indigent. Scott is represented on appeal by the attorney who represented his parents.

[5] The nature of the evidence presented is illustrated by this excerpt from the testimony of caseworker Mary Bearden:

Q: Is it your statement to the court that appointment of either parent, Monica or Scott, as permanent managing conservators would not be in the best interest of these children?

A: Yes.

Q: And would you agree that that appointment, if it were so made, would

2

that Monica had not complied with prior court orders and had little contact with the children for several months. At the time of the hearing Scott was incarcerated in a state jail facility after his conviction for credit card abuse. The caseworker testified Scott last saw the children in April 2006. His anticipated release date was March 30, 2007. In response to the court's question whether Scott had shown interest in visiting with his children, the caseworker responded, "I haven't had any contact with him."

The parties referred to the proposed order as an agreed order but the record contains no written agreement.[6] *See* Tex. Fam. Code Ann. § 153.007 (Vernon Supp. 2006) (authorizing parties to enter written "agreed parenting plan"). According to the caseworker, Scott and Monica had, "to her knowledge," agreed with Sharon Bearden's appointment as managing conservator but, as noted, the caseworker later said she had not been in contact with Scott. Through the caseworker, the Department requested the parents be named possessory conservators.

At the conclusion of the hearing the trial judge made several modifications to the proposed order. The judge granted visitation to the Spruills at specified times. The judge deleted the provision naming Scott as a possessory conservator and substituted language that he "shall have no communication or contact with the children other than written contact

significantly impair the children's physical or emotional development?

A: Yes.

[6] The final order did contain the signatures of Sharon Bearden and of counsel attending the hearing, under the notation "approved as to form."

3

until further order of the court."[7]  The final order did not require payment of support by either parent but did require them to provide health insurance.

Scott now presents three issues, by which he contends the trial court's refusal to name him a possessory conservator was an abuse of discretion, challenges the sufficiency of the evidence supporting the orders relating to him, and asks whether those orders violate the Eighth Amendment to the United States Constitution.  Neither the Department nor any other party has filed a brief as appellee.

When making determinations of custody, possession and visitation, trial courts are afforded wide discretion.  *In re C.R.T.*, 61 S.W.3d 62, 65 (Tex.App.--Amarillo 2001, pet. denied) (*citing Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex. 1982)).  That discretion, however, must be exercised within the limits set by the legislature. *See, e.g., In re Walters*, 39 S.W.3d 280 (Tex.App.–Texarkana 2001, no pet.) (applying Family Code requirements under abuse of discretion standard).  A trial court abuses its discretion when it acts without reference to any guiding rules or principles, or acts arbitrarily or unreasonably.  *In re K.R.P.*, 80 S.W.3d 669, 674 (Tex.App– Houston [1st Dist.] 2002, pet. denied).  Under the abuse of discretion standard, legal and factual sufficiency, although not independent

---

[7] The court explained to those present:

It's not going to be the habit of the court to award any kind of visitation rights to somebody coming out of prison, so I'm not approving any visitation rights for Scott Auld.  If he wants visitation rights when he gets out of prison, he can come to court and convince me that he should have visitation rights, so that means, Mrs. Spruill, that Scott is not to be around the children when you have them until or unless there is a further court order.

4

grounds for review, are relevant factors in assessing whether the lower court abused its discretion. *See Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991); *In re A.D.H.*, 979 S.W.2d 445, 446 (Tex.App.--Beaumont 1998, no pet.). An abuse of discretion does not occur so long as there is some evidence of a substantive and probative character to support the trial court's decision. A.D.H., 979 S.W.2d at 447; *Holley v. Holley*, 864 S.W.2d 703, 706 (Tex.App.--Houston [1st Dist.] 1993, writ denied).

Family Code section 153.131(a) requires appointment of a parent as managing conservator unless the trial court finds the appointment would not be in the best interest of the child "because the appointment would significantly impair the child's physical health or emotional development." Tex. Fam. Code Ann. § 153.131(a) (Vernon 2002). Section 153.191 requires a trial court to appoint as possessory conservator a parent who is not appointed managing conservator, unless the court finds the appointment is not in the child's best interest "and that parental possession or access would endanger the physical or emotional welfare of the child." Tex. Fam. Code Ann. § 153.191 (Vernon 2002). By section 153.193, the Family Code also mandates that the terms of an order denying a parent possession of a child or imposing restrictions or limitations on a parent's right to "possession of or access to" a child may not exceed those required to protect the best interest of the child. Tex. Fam. Code Ann. § 153.193. (Vernon 2002).

Here, the trial court did not appoint Scott possessory conservator, and, through its order that Scott have no communication or contact, other than written contact, with his

5

children, both denied him possession of them and placed severe restrictions on his access to them. *See Walters*, 39 S.W.3d at 284-85 (distinguishing access and possession).[8]

The trial court made the findings necessary to support its decision not to appoint Scott or Monica as managing conservator. The court's order contains findings tracking the language of section 153.131(a). And, as noted, there was testimony consistent with that finding, and no complaint is raised on appeal regarding managing conservatorship. The finding under section 153.131(a) required to overcome the presumption that a parent should be appointed managing conservator differs significantly, however, from that required under section 153.191 to support the denial of a parent's appointment as possessory conservator. The latter action of the court must be supported by the finding that the parent's *possession or access would endanger the child's physical or emotional welfare*. The record does not reflect the trial court made the required finding Scott's possession of or access to his children would endanger their physical or emotional welfare.

Nor is there evidence in the record before us by which we could imply the required finding. Case law has defined the term "endanger" in Chapter 161 of the Family Code to mean "to expose to loss or injury; to jeopardize." *Tex. Dep't of Human Svcs. v. Boyd*, 727 S.W.2d 531, 533-34 (Tex. 1987); *see also* Tex. Fam. Code Ann. § 101.009 (making use of similar definition in phrase "danger to the physical health or safety of a child"). We have

---

[8] The court's instructions to the parties, including his instruction to Scott's mother Beverly Spruill that "Scott is not to be around the children when you have them until or unless there's a further court order" removes any doubt that the denial of access applied both during his confinement in the state jail and after his anticipated release from that facility.

6

reviewed the record for evidence that Scott's possession or access would jeopardize his children's physical or emotional welfare.

The trial court made reference to Scott's incarceration. In termination cases, courts have said that imprisonment may be part of a course of endangering conduct, but imprisonment alone is not conduct which endangers the physical or emotional well-being of a child. *Boyd*, 727 S.W.2d at 533-34; *In re Caballero*, 53 S.W.3d 391, 395 (Tex.App.–Amarillo 2001, pet. denied).[9] The other evidence we find adds little to support an implied finding of jeopardy to the children's welfare from Scott's possession or access. As noted, the evidence showed Scott's incarceration was for credit card abuse. The affidavit attached to the Department's original petition was not introduced into evidence. Had the trial court considered that affidavit, it suggested Monica's connection to the manufacture of methamphetamine, but provided no basis for connecting Scott to that conduct. The Department caseworker's testimony at the final hearing could be taken to indicate Scott had shown a lack of interest in seeing his children, but the testimony does not provide evidence of endangerment from his possession or access. In sum, we are unable from this record to imply the endangerment finding required by section 153.191.

---

[9] We recognize Scott's parental rights have not been terminated, and we recognize termination of parental rights requires clear and convincing evidence, but the finding required by section 153.191 is sufficiently similar to the ground for termination stated in section 161.001(1)(E) of the Family Code to make the holdings in the termination cases pertinent here.

In the absence of such a finding,[10] the trial court must act in accord with the presumption created by that section.

We sustain appellant's first and second issues, and reverse the trial court's order to the extent it governs Scott Auld's possession of or access to his children. Our disposition of those issues makes consideration of his third issue unnecessary. We remand the cause to the trial court for further proceedings consistent with this opinion. Tex. R. App. P. 43.3(a).

James T. Campbell
Justice

---

[10] Section 153.191 requires also that the court make a best interest finding to support denial of a parent's appointment as possessory conservator. Our conclusion with respect to absence of an endangerment finding makes it unnecessary for us to address the best interest finding.