**Opinion issued March 6, 2014**



**In The**

**Court of Appeals**

**For The**

**First District of Texas**

—————————————

**NO. 01-13-00270-CV**

———————————

**XINIA MAYARITH AYALA, Appellant**

**V.**

**JOSE L. AYALA, Appellee**

———

**On Appeal from the 312th District Court**
**Harris County, Texas**
**Trial Court Case No. 2011-35241**

———

**MEMORANDUM OPINION**

In this family law case, a final decree of divorce was rendered dissolving the marriage of Xinia Mayarith Ayala ("Wife") and and Jose L. Ayala ("Husband"). In what we construe as one issue, Wife appeals the decree. We read the issue to challenge the trial court's denial of her motion for new trial.

We affirm.

**Background**

Husband filed a petition of divorce to which Wife filed a pro se general denial. Wife filed several motions for continuance, which were granted. Trial was reset a number of times. Both parties waived trial by jury. On January 24, 2013, the case was tried on the merits to an associate judge.

Husband was represented by counsel at trial, and Wife appeared pro se.[1] On March 1, 2013, judgment was rendered dissolving the couple's marriage, dividing the marital property, and addressing issues of conservatorship and visitation related to the couple's two minor children.

Wife then filed a motion for new trial. Among her assertions was her claim that her signature had been forged on a document that waived her right to seek de novo review of the associate judge's ruling by the referring court.

Husband filed a response to the motion in which he averred as follows:

> This case was originally set for trial on December 10, 2012. The Court could not hear this suit on that day and prior to re-setting the case the Associate Judge asked all the parties if they would agree to Waive an Appeal from the Associate Judge's Ruling and schedule a preferential trial setting with the Associate Judge or have the case reset on the next available trial Docket with the Judge of the 312th District Court. All the parties to this suit, including Xinia Ayala, agreed to Waive Appeal from the Associate Judge's Ruling, and signed the Waiver of Appeal from Associate Judge's Ruling/Recommendation in the presence of the Associate Judge. In her first ground for a New Trial, Respondent attempts to deny that she

---

[1] The record indicates that Wife was represented by counsel for a period of time in the trial court, but her counsel withdrew before trial.

signed the Waiver and that the Waiver was forged by the Petitioner. The Court's record will show that Respondent actually signed the Waiver in presence of the Associate Judge.

This statement was reiterated in an affidavit filed by Husband's attorney. The affidavit was offered in support of Husband's response to the motion for new trial.

The associate judge conducted a hearing on the motion for new trial. At the hearing, Wife continued to claim that it was not her signature on the document waiving her right to de novo review by the referring court. With regard to Wife's claim, the associate judge stated on the record as follows:

> Ms. Ayala, this Court is looking at its docket sheet. I've looked at your signature on your pro se documents that you filed and your signature on our stipulation of waiver. They appear the same to me.
>
> I'll additionally note that you were here pro se on December 10th; and the trial was preferentially set to me for January 24th, 2013, based upon this stipulation of waiver that bears what appears to be your signature. I understand you're telling me today that you believe you did not sign it, but this Court would not have set you for a preferentially set day on that day when you were pro se if you had not signed this stipulation of waiver.

At that point, Wife again stated that she had not signed the waiver. The associate judge responded, "I understand what you're telling me, ma'am; but the Court does not find you credible for you [sic] to me tell that that is not your signature when you signed that stipulated waiver here in the courtroom. And we set you preferentially for trial."

After addressing other matters raised by Wife, the associate judge denied the motion for new trial. This appeal followed. In what we construe as one issue, Wife asserts that she did not sign the stipulated waiver document.

**Relevant Law and Standard of Review**

Family Code section 201.015 gives a party the right to request a de novo hearing before the referring court by filing with the clerk of the referring court a written request within seven working days of receiving proper notice of the associate judge's report.[2]  TEX. FAM. CODE ANN. § 201.015(a) (Vernon Supp. 2013).  Section 201.015(f) provides, "The referring court, after notice to the parties, shall hold a de novo hearing not later than the 30th day after the date on which the initial request for a de novo hearing was filed with the clerk of the referring court." *See id.* § 201.015(f).  However, section 201.015(g) provides that a party may waive her right to de novo review in writing or on the record. *See id.* § 201.015(g) ("Before the start of a hearing by an associate judge, the parties may

---

[2] When it was enacted as part of the 1995 recodification of the Family Code, section 201.015 referred to the proceeding before the referring court as an "appeal" and provided that the appeal was limited to the findings and conclusions of the associate judge specified in the notice of appeal. Act of April 6, 1995, 74th Leg., R.S., ch. 20, § 1, 1995 Tex. Gen. Laws 113, 241 (amended 1999, 2007, & 2009) (current version at TEX. FAM. CODE ANN. § 201.015 (Vernon Supp. 2013)). Section 201.015 was amended in 2007, substituting the phrase "de novo hearing" for "appeal" and deleting the provision limiting the appeal. *See* Act of May 23, 2007, 80th Leg., R.S., ch. 1235, § 7, 2007 Tex. Gen. Laws 4150, 4152 (amended 2009)) (current version at TEX. FAM. CODE ANN. § 201.015 (Vernon Supp. 2013)). However, courts, at times, continue to refer loosely to this procedure as an "appeal."

waive the right of a de novo hearing before the referring court in writing or on the record.").

As framed, Wife's appeal implicates the denial of her motion for new trial. We review a trial court's disposition of a motion for new trial for abuse of discretion. *See In re Columbia Med. Ctr. of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d 204, 210 (Tex. 2009); *see also In re Toyota Motor Sales, U.S.A., Inc.*, 407 S.W.3d 746, 756–57 (Tex. 2013). A trial court abuses its discretion only if it reaches a decision so arbitrary and unreasonable that it amounts to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *Intercontinental Terminals Co., LLC v. Vopak N. Am., Inc.*, 354 S.W.3d 887, 892 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (citing *In re Olshan Found. Repair Co., LLC*, 328 S.W.3d 883, 888 (Tex. 2010)); *see also Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

When determining whether the trial court has abused its discretion, we review the record in the light most favorable to the trial court's action. *Holley v. Holley*, 864 S.W.2d 703, 706 (Tex. App.—Houston [1st Dist.] 1993, writ denied). We will indulge every legal presumption in favor of the trial court's decision. *Id.*

### Analysis

As she did in her motion for new trial, Wife asserts that there was a "falsification of [her] signature" on the stipulated waiver document. At the hearing

5

on the motion for new trial, the associate judge reviewed Wife's signature on other pro se filings in the record and compared it to the signature on the written waiver. The associate judge found that the signatures appeared to be the same. The judge also noted that Wife appeared in court pro se on the date that the case was preferentially set for trial before the associate judge. The associate judge stated that the case would not have been preferentially set for trial before the associate judge unless Wife had waived her right to review by the referring court. After listening to Wife's testimony, in which she denied signing the stipulated waiver, the associate judge expressly found Wife not to be credible.

At a hearing on a motion for new trial, the trial court is the trier of fact and the sole judge of the witnesses' credibility. *Holland v. Lovelace*, 352 S.W.3d 777, 783 (Tex. App.–Dallas 2011, pet. denied) (citing *D. Burch, Inc. v. Catchings*, No. 05–08–00278–CV, 2009 WL 2581862, at *2 (Tex. App.—Dallas Aug. 24, 2009, pet. denied) (mem. op.)). "As a result, '[w]e defer to the trial court's determinations on credibility when considering evidence concerning a motion for new trial.'" *Id.* (quoting *In re T.R.D.*, No. 03–09–00150–CV, 2010 WL 2428426, at *2 (Tex. App.—Austin June 18, 2010, no pet.) (mem. op.)). It was the associate judge's prerogative to disbelieve Wife's testimony that she did not sign the stipulated waiver. Wife offered no other evidence to show that it was not her signature on the written waiver.

6

We hold that no abuse of discretion has been shown with regard to the denial of Wife's motion for new trial.  We overrule Wife's sole issue.

## Conclusion

We affirm the final divorce decree of the trial court.


Laura Carter Higley
Justice

Panel consists of Justices Jennings, Higley, and Sharp.