**Opinion issued May 15, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———————————————

## NO. 01-13-00578-CV

———————————————

**SAMANTHA PIETSZAK, Appellant**

**V.**

**WILLIAM FLETCHER, Appellee**

---

**On Appeal from the 257th District Court**
**Harris County, Texas**
**Trial Court Case No. 2010-42147**

---

## MEMORANDUM OPINION

When Samantha Pietszak and William Fletcher divorced, the trial court granted both parents joint managing conservatorship of their son, A.F., and gave Pietszak the right to determine his primary residency. Approximately two years later, Fletcher moved to modify the conservatorship order. Pietszak appeals the

trial court's modified order, which preserves the parents' joint managing conservatorship but changes the parent with the right to determine A.F.'s primary residence from Pietszak to Fletcher. Pietszak contends that the trial court erred in granting the motion because Fletcher failed to prove the existence of a condition supporting modification, and the record does not support the trial court's finding that the modification is in A.F.'s best interest. Finding that the trial court acted within its discretion in modifying the conservatorship order, we affirm.

## Background

Pietszak and Fletcher were divorced in April 2011, when their child, A.F., was five years old. Pietszak and Fletcher were named joint managing conservators; Pietszak was awarded the right to determine the child's primary residence. Fletcher was ordered to pay child support and allowed visitation under a standard possession order for parents who reside 100 miles or less apart.

After entry of the initial order, Pietszak moved with A.F. and changed his school at least three times. One afternoon in May 2012, Pietszak appeared at Fletcher's home when he was not present and assaulted Fletcher's current wife in front of A.F. and his stepsister. The wife called 911 while Pietszak continued to struggle with her. Pietszak was arrested and charged with interference with an emergency telephone call and assault.

That incident spurred Fletcher to seek modification of the parent-child relationship. Through discovery, Fletcher learned, among other things, that Pietszak had been receiving medical treatment that included a regimen of prescription narcotics and other controlled substances. Based on that information, the trial court ordered the Harris County Domestic Relations Office, Family Court Services Division, to conduct an issue-based investigation and prepare a report for the court. After conducting a bench trial, during which it received the report and other evidence, the trial court granted the motion to modify, finding that Fletcher was "better suited to meet the present and future physical and emotional needs of the child." Under the order, the parents continued as joint managing conservators, but the trial court awarded the right to determine the child's primary residence to Fletcher. The trial court terminated Fletcher's child support obligation and ordered Pietzak to pay child support instead. Pietszak was allowed visitation under a standard possession order for parents who reside 100 miles or less apart.

## Discussion

### I. Standard of review

We give wide latitude to a trial court's decision on custody, control, possession, and visitation issues. *Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex. 1982); *Holley v. Holley*, 864 S.W.2d 703, 706 (Tex. App.—Houston [1st Dist.] 1993, writ denied). We review a trial court's decision on these issues for an abuse

3

of discretion, and we reverse a trial court's order only if we determine, from reviewing the record as a whole, that the trial court acted arbitrarily and unreasonably, without reference to any guiding rules or principles. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990); *Patterson v. Brist*, 236 S.W.3d 238, 239–40 (Tex. App.—Houston [1st Dist.] 2006, pet. dism'd) (citing *Turner v. Turner*, 47 S.W.3d 761, 763 (Tex. App.—Houston [1st Dist.] 2001, no pet.)). We view the evidence in the light most favorable to the trial court's decision and indulge every legal presumption in favor of its judgment. *Holley*, 864 S.W.2d at 706.

"Under this standard, a challenge to the legal or factual sufficiency of the evidence is not an independent ground of error but may be a relevant consideration in assessing whether the trial court abused its discretion." *In re R.T.K.*, 324 S.W.3d 896, 899–900 (Tex. App.—Houston [14th Dist.] 2007, no pet). A trial court does not abuse its discretion if some evidence supports its decision. *Whitworth v. Whitworth*, 222 S.W.3d 616, 623 (Tex. App.—Houston [1st Dist.] 2007, no pet.).

## II. Modification of conservatorship order

Texas law imposes significant hurdles before a conservatorship order may be modified. *In re A.L.E.*, 279 S.W.3d 424, 428 (Tex. App.—Houston [14th Dist.]

4

2009, no pet.). Section 156.101(a) identifies the following conditions as prerequisites for modification:

(1) the circumstances of the child, a conservator, or other party affected by the order have materially and substantially changed since the earlier of:

(A) the date of the rendition of the order; or

(B) the date of the signing of a mediated or collaborative law settlement agreement on which the order is based;

(2) the child is at least 12 years of age and has expressed to the court in chambers as provided by Section 153.009 the name of the person who is the child's preference to have the exclusive right to designate the primary residence of the child; *or*

(3) the conservator who has the exclusive right to designate the primary residence of the child has voluntarily relinquished the primary care and possession of the child to another person for at least six months.

TEX. FAM. CODE ANN. § 156.101(a) (emphasis added). The court may deny modification even if the movant satisfies section 156.101(a), because the child's best interest remains the court's primary consideration in determining conservatorship and possession issues. *See* TEX. FAM. CODE ANN. § 153.002 (West 2008); *Lenz v. Lenz*, 79 S.W.3d 10, 14 (Tex. 2002).

## A. Conditions for modification

Pietszak contends that the trial court erred in modifying conservatorship in this case because the evidence fails to establish all conditions required for modification under section 156.101 of the Family Code. This contention concerns

5

the proper interpretation of the statute, a legal question we review de novo. *See MCI Sales & Serv., Inc. v. Hinton*, 329 S.W.3d 475, 500 (Tex. 2010). In construing a statute, our aim "'is to determine and give effect to the Legislature's intent,'" and we begin with the "'plain and common meaning of the statute's words.'" *McIntyre v. Ramirez*, 109 S.W.3d 741, 745 (Tex. 2003) (quoting *Tex. Dep't of Transp. v. Needham*, 82 S.W.3d 314, 318 (Tex. 2002), and *State ex rel. State Dep't of Hwys. & Pub. Transp. v. Gonzalez*, 82 S.W.3d 322, 327 (Tex. 2002)).

Pietszak interprets section 156.101(a) as requiring proof of all three enumerated conditions before a trial court can modify a conservatorship order—an interpretation that, unreasonably, would bar modification of any conservatorship order that applied to a child under the age of twelve. Section 156.101(a), however, does not use "and" to separate the enumerated conditions; it uses "or" after the penultimate condition, making clear that a party seeking modification under section 156.101 need only prove any one of the three conditions. Thus, a trial court may modify a conservatorship order if modification would be in the best interest of the child and the circumstances of the child, a conservator, or other person affected by the order have materially and substantially changed since the trial court signed the prior order. *See* Tex. Fam. Code Ann. § 156.101(a)(1)(A) (West Supp. 2013); *A.L.E.*, 279 S.W.3d at 428.

6

## B. Material and substantial change as grounds for modification

Alternatively, Pietszak contends that Fletcher failed to prove that circumstances have materially and substantially changed since the initial custody order was entered in 2011 because he did not proffer any evidence showing the conditions that existed at that time. The law, however, does not prescribe any specific method for proving a material and substantial change in circumstances, particularly where the evidence intrinsically demonstrates that the circumstances arose after entry of the earlier custody order. *See A.L.E.*, 279 S.W.3d at 429. The determination is fact-specific, made according to the circumstances as they arise and based on direct or circumstantial evidence. *Id.* at 428–29. Changes supporting modification include (1) the marriage of one of the parties; (2) poisoning of a child's mind by one of the parties; (3) change in the home surroundings; (4) mistreatment of a child by a parent or step-parent; or (5) a parent's becoming an improper person to exercise custody. *Arrendondo v. Betancourt*, 383 S.W.3d 730, 734–35 (Tex. App.—Houston [14th Dist.] 2012, no pet.). A parent's course of conduct that hampers a child's opportunity to associate favorably with the other parent may suffice as grounds for re-designating managing conservators. *Id.* at 735.

Pietszak does not challenge the sufficiency of the evidence supporting any of the trial court's specific findings of fact. The record contains evidence that, since

entry of the initial custody order Pietszak has engaged in criminal activity. In one incident, Pietszak entered Fletcher's premises when he was not home, confronted Fletcher's wife, and, in the presence of A.F. and his stepsister, assaulted Fletcher's wife, then tried to prevent her from placing a 911 call. As a result of Pietszak's actions, she was charged and found guilty of the offenses of assault and interference with a 911 call, for which she received probation. In another incident, she was arrested and found guilty of public intoxication.

Pietszak has been prescribed various medications, including narcotics, to treat her ongoing medical conditions. Since entry of the initial custody order, Pietszak was not consistent in getting the child to school or getting the child to school on time. On one occasion, while under the apparent influence of medication, Pietszak failed to pick up A.F. after school until more than four hours after the school day ended.

The court-ordered investigation found that Pietszak routinely falls asleep before the child's bed time, leaving him to take care of himself. The trial court expressed concern that Pietszak's medicated state impaired her ability to care for A.F. Pietszak continues under the medication regimen prescribed by her doctor.

The record also supports the trial court's finding that Pietszak had not provided a stable home for A.F. since entry of the initial order. Pietszak has not been substantially employed, subsisting on her savings and Fletcher's monthly

child-support payments. She changed the child's school and moved her residence three times within the two years after the initial custody order and before the modification hearing.

We hold that the evidence supports the trial court's finding that Pietszak's circumstances have materially and substantially changed since it signed the prior custody order. We therefore turn to the question whether the trial court abused its discretion in concluding that the custody modification was in A.F.'s best interest.

## C.   Best-interest determination

Pietszak also challenges the trial court's finding that modification of custody was in A.F.'s best interest. Courts employ the non-exhaustive list of *Holley* factors to determine a child's best interest. *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976); *Moreno v. Perez*, 363 S.W.3d 725, 737–38 (Tex. App.—Houston [1st Dist.] 2011, no pet.). These factors include (1) the desires of the child; (2) the emotional and physical needs of the child now and in the future; (3) the emotional and physical danger to the child now and in the future; (4) the parental abilities of the individuals seeking custody; (5) the programs available to assist these individuals to promote the best interest of the child; (6) the plans for the child by the individuals seeking custody; (7) the stability of the home or proposed placement; (8) the acts or omissions of the parent which may indicate that the

9

existing parent-child relationship is not a proper one; and (9) any excuse for the acts or omissions of the parent. *Holley*, 544 S.W.2d at 371–72.

Pietszak disputes the quantity and quality of time that Fletcher spent with A.F. during the 2012-2013 school year, contending that Fletcher did not fully exercise his possession rights under the standard visitation order. Fletcher testified that, after Pietszak moved further away, the commute between his home and Pietszak's home became a three- to three-and-a-half-hour round trip. Fletcher explained that he decided not to have A.F. stay overnight with him on Wednesdays so that A.F. would not have to spend so much time traveling on a weeknight and awaken early in the morning so that he could arrive at school on time. The trial court was entitled to credit Fletcher's reason for his decision and assess the amount of weight to give to each side's evidence on this issue in arriving at its best-interest determination.

Pietszak also points out that moving A.F. to Fletcher's home will disrupt his life because he will need to adjust to a new school and change his after-school sports activities.[1] Fletcher testified that he conversed with A.F. about his interests

---

[1] Pietszak also asserts that A.F.'s stepsister has behavior problems that adversely affect A.F., but our examination of the record does not bear out this assertion, and the appellant's brief does not provide a record citation to support it. Our appellate review is confined to the evidence before the trial court.

and had plans for A.F. to continue the activities he enjoys. In making its determination, the trial court was entitled to compare the impact of that proposed move on A.F. with the impact from Pietszak's frequent moves and the resulting transfers to different schools that A.F. endured during the two years while Pietszak had the right to determine A.F.'s primary residence. In addition, the trial court was entitled to consider the troubling changes in Pietszak's behavior that began near the same time she started the medication regimen to manage her ongoing medical conditions.

The evidence supports the trial court's conclusion that Fletcher offers the more stable living environment and that giving Fletcher the right to determine A.F.'s primary residence is in A.F.'s best interest. As a result, we hold that the trial court acted within its discretion in granting the motion to modify.

## Conclusion

We affirm the judgment of the trial court.

Jane Bland
Justice

Panel consists of Justices Keyes, Bland, and Brown.