In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-18-00018-CV
NO. 09-18-00019-CV
NO. 09-18-00020-CV
NO. 09-18-00021-CV
NO. 09-18-00022-CV

_____

**NIKOLAS ZANE GOODSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court at Law No. 4**
**Montgomery County, Texas**
**Trial Cause Nos. 17-30377, 17-30378, 17-30379, 17-30380, & 17-30381**

**MEMORANDUM OPINION**

Appellant Nikolas Zane Goodson appeals from orders denying his petitions for an order of nondisclosure in five causes under the pre-2015 version of section 411.081 of the Government Code. *See* Act of May 25, 2013, 83rd Leg., R.S., ch. 1146, § 1, 2013 Tex. Gen. Laws 2792, 2792-93 (amended 2015) (current version at Tex. Gov't Code § 411.0725). We affirm.

1

## Procedural Background

On November 3, 2014, after Goodson entered guilty pleas, the County Court at Law No. 4 in Montgomery County (the trial court) entered Orders of Deferred Adjudication for Goodson in cause number 14-299576 on one count of evading arrest, and in cause numbers 14-299577 and 14-299575 on two counts of burglary of a vehicle. In each case, the trial court deferred adjudication, ordered community supervision for a period of fifteen months, and a fine of $500 in each case. The trial court entered an order in each matter. The trial court dismissed the charge of criminal trespass in cause number 14-299414, and dismissed the charge of failure to identify or giving false information in cause number 14-299578. The documents in the appellate record include the orders of dismissal and a "Motion to Dismiss" signed by the Assistant District Attorney for Montgomery County. The dismissal orders are signed by the trial court. Both Motions to Dismiss include the following statement "The Defendant was convicted in another case. 14-299575[.]" The Orders state:

> The foregoing motion having been presented to me on this the 3[rd] day of Nov[.], A.D. 2014 and the same having been considered, it is, therefore, ORDERED, ADJUDGED, and DECREED that said above entitled and numbered cause be and the same is hereby dismissed.

On February 5, 2016, three orders of Dismissal Upon Completion of Deferred Adjudication Community Supervision were entered in cause numbers 14-299576, 14-299577, and 14-299575. Each of the orders stated, in relevant part:

> Defendant is informed that he IS eligible to petition the Court for an order of non-disclosure.
> If eligible for an order on non-disclosure, the earliest date the Defendant will be eligible to file the petition is immediately[.]

On November 16, 2017, Goodson filed five Petitions for [An] Order of Nondisclosure for the offenses in cause numbers 14-299576, 14-299577, 14-299575, 14-299414, and 14-299578 (the "Nondisclosure Petitions"). In his Nondisclosure Petitions, Goodson alleged that all conditions of section 411.081 of the Texas Government Code had been met and that issuance of an order of nondisclosure would be in the best interest of justice. Regarding the offenses charged in cause numbers 14-299414 and 14-299578, Goodson argued that the orders dismissing the charges "referenc[e] Cause No. 14-299575 as a case in which Petitioner was 'convicted'[]" and that the dismissals give a "false impression" that Goodson was convicted in 14-299575. Goodson argued that

> If an order of Nondisclosure in 14-299575 is issued, but this dismissal is not also non-disclosed, a false impression would be created for anyone that read the dismissal in this case, that Petitioner was actually convicted in 14-299575, thus defeating the purpose of a nondisclosure being granted in 14-299575 only, but not including this dismissal, which implies a conviction occurred in that case.

3

The State filed an answer to the Nondisclosure Petitions opposing the request and arguing that "entry of an order of nondisclosure is not in the best interest of justice, because: [] the petitioner was placed on probation for 3 offenses, and as part of the plea agreement 2 additional cases were dismissed."

The trial court held a hearing on the Nondisclosure Petitions wherein Goodson's attorney argued that Goodson "finished all the[] deferred adjudications[]" and

> . . . on the two dismissals, the dismissals referred to one of the deferred adjudications and actually states that he was convicted in that case, which he was never convicted in that case. He was placed on deferred. He completed his deferred, and it was dismissed. So those would be connected papers that if allowed to continue to exist would imply that he got convicted in one of these cases that we're actually asking -- in other words, it wouldn't be a full nondisclosure if that cause number is still hanging out there as though he had been convicted in both of those dismissals.

The State argued that "the spirit of [the statute] is if you have multiple offenses then this doesn't apply to you[]" and that "in the interest of justice, having multiple deferred and dismissals would kind of [] go against the spirit of the nondisclosure laws."

The trial court signed orders denying the Nondisclosure Petitions. Goodson filed requests for finding of facts and conclusions of law in all five causes. The trial court entered Findings of Fact and Conclusions of Law in all matters and the trial

4

court found that as four of the cases—evading arrest, failure to identify by giving false or fictitious information, and two offenses for burglary of a vehicle—arose out of the same criminal episode, and the trial court found that the offense of criminal trespass arose out of a separate criminal episode. The court also concluded:

> The petitioner is not granted an order of nondisclosure in cause numbers 17-30377, 17-30378, and 17-30379 pursuant to Texas Government Code section 411.0725 because this court has found that granting such an order is not in the interest of justice[.]

Goodson timely appealed.

## Issue

In a single issue, Goodson argues that the trial court erred in denying his Nondisclosure Petitions for an order of nondisclosure because the State cited no authority for its argument that the offenses were "multiple" and because the judgments dismissing cause numbers 14-299414 and 14-299578 erroneously state that he was "convicted" in cause number 14-299575. Appellant also argues that the State presented no evidence that denying the petitions would be in the interest of justice. Appellant further argues that the State's errors cannot otherwise be corrected.

## Standard of Review

We review a trial court's denial of a petition for nondisclosure under an abuse of discretion standard. *See White v. State*, No. 01-15-00294-CV, 2015 Tex. App.

5

LEXIS 12316, at *7 (Tex. App.—Houston [1st Dist.] Dec. 3, 2015, no pet.) (mem. op.) (citing *Jackson v. State*, No. 14-13-00747-CV, 2014 Tex. App. LEXIS 12307, at **3-4 (Tex. App.—Houston [14th Dist.] Nov. 13, 2014, no pet.) (mem. op.)); *Wills v. State*, No. 09-14-00373-CV, 2015 Tex. App. LEXIS 11100, at *7 (Tex. App.—Beaumont Oct. 29, 2015, no pet.) (mem. op.). A trial court abuses its discretion only if it has acted in an unreasonable or arbitrary manner, or has acted without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). An appellant bears the burden of producing a record that shows the trial court abused its discretion. *Simon v. York Crane & Rigging Co.*, 739 S.W.2d 793, 795 (Tex. 1987). We view the evidence in the light most favorable to the trial court's decision, and we indulge every legal presumption in favor of the judgment. *Ginn v. NCI Bldg. Sys., Inc.*, 472 S.W.3d 802, 837 (Tex. App.—Houston [1st Dist.] Aug. 13, 2015, no pet.) (citing *Holley v. Holley*, 864 S.W.2d 703, 706 (Tex. App.—Houston [1st Dist.] 1993, writ denied)). No abuse of discretion is shown if some evidence of substantive and probative character exists to support the trial court's decision. *Id.*

When findings of fact are filed and are unchallenged, they are entitled to the same weight as a jury's verdict. *See McGalliard v. Kuhlmann*, 722 S.W.2d 694, 696 (Tex. 1986). They are binding on an appellate court unless the contrary is established

6

as a matter of law, or there is no evidence to support the finding. *Id.* (citing *Swanson v. Swanson*, 228 S.W.2d 156, 158 (1950)). We review de novo the conclusions of law drawn by the trial court from the facts to determine their correctness. *See BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002).

Analysis

The record shows that the offenses at issue occurred in 2014. The statute in effect at that time provided that

> . . . if a person [] placed on deferred adjudication community supervision under Section 5, Article 42.12, Code of Criminal Procedure, subsequently receives a discharge and dismissal under Section 5(c), Article 42.12, and satisfies the requirements of Subsection (e), the person may petition the court that placed the defendant on deferred adjudication for an order of nondisclosure under this subsection. . . . After notice to the state, an opportunity for a hearing, and a determination that the person is entitled to file the petition and issuance of the order is in the best interest of justice, the court shall issue a[] [nondisclosure] order . . . .

Act of May 25, 2013, 83rd Leg., R.S., ch. 1146, § 1(d), 2013 Tex. Gen. Laws 2792, 2792-93 (amended 2015). Here, the trial court's findings of fact do not show that Goodson was placed on deferred adjudication community supervision for the offenses charged in cause numbers 14-299414 and 14-299578, and the record shows that each was dismissed. The Legislature determined the class of persons eligible for an order of nondisclosure, and we are bound to construe the statute as it is written. *See Wills*, 2015 Tex. App. LEXIS 11100, at *5 (citing *Tex. Lottery Comm'n v. First*

*State Bank of DeQueen*, 325 S.W.3d 628, 636-37 (Tex. 2010)). Under the statute in effect at the time, the record does not support a conclusion that Goodson was eligible to petition for an order of nondisclosure for the offenses charged in cause numbers 14-299414 and 14-299578 because nothing indicates that he was placed on deferred adjudication community supervision in those cases. *See* Act of May 25, 2013, 83rd Leg., R.S., ch. 1146, § 1(d), 2013 Tex. Gen. Laws 2792, 2792-93 (amended 2015).

At the hearing, the State's attorney argued that "in the interest of justice, having multiple deferred and dismissals would kind of [] go against the spirit of the nondisclosure laws." The trial court found that the criminal charges in cause numbers 14-229576, 14-299577, and 14-299575 arose out of the same criminal episode and that Goodson pleaded guilty to such offenses. The trial court also concluded that granting nondisclosure orders was not in the interest of justice. We defer to the trial court's findings of fact. *See McGalliard*, 722 S.W.2d at 696. On this record, Appellant has not shown that the trial court acted arbitrarily or unreasonably in its ruling. *See Downer*, 701 S.W.2d at 241-42; *see also White*, 2015 Tex. App. LEXIS 12316, at **13-14 (no error in denying petition for nondisclosure as appellant had not shown it was outside the trial court's discretion to determine that a nondisclosure order was not in the interest of justice).

8

Appellant cites no legal authority in support of his argument that nondisclosure was required because no other remedy was available to correct "the State's errors" in cause numbers 14-299414 and 14-299578 wherein it implied that he was previously convicted in cause number 14-299575. Appellant failed to adequately brief this argument. *See* Tex. R. App. P. 38.1(i); *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994).[1]

---

[1] The appellate record gives no indication whether Goodson filed a motion to enter judgment nunc pro tunc or a motion to reform the judgment with the trial court that heard the criminal cases in cause numbers 14-299414 and 14-299578 (the two cases that Goodson alleges erroneously state that he was "convicted" in cause number 14-299575). If such was a clerical error, he may have been able to seek a nunc pro tunc order from the convicting court. *See State v. Bates*, 889 S.W.2d 306, 309 (Tex. Crim. App. 1994) (explaining that a trial court may modify, correct or set aside judgments and orders through motions for new trial, motions to arrest judgment and motions for judgment nunc pro tunc) (citing Tex. R. App. P. 30, 33, & 36); *Alvarez v. State*, 605 S.W.2d 615, 617 (Tex. Crim. App. 1980) (explaining that a trial court may enter a nunc pro tunc order to correct a clerical error in a judgment). Assuming without deciding that the record supported a corrected or reformed judgment of the criminal judgments for cause numbers 14-299414 and 14-299578, Goodson should have addressed that request in a different forum and directly to the criminal trial court. We may not reform his criminal judgments because they are not before us in this proceeding (nor were they before the trial court in the Nondisclosure Petitions). *See Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993).

We overrule Appellant's issue, and we affirm the orders of the trial court.

AFFIRMED.

_____
LEANNE JOHNSON
Justice

Submitted on September 7, 2018
Opinion Delivered October 18, 2018

Before McKeithen, C.J., Horton and Johnson, JJ.